SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing his claim for damages for injuries he sustained while he was servicing defendant’s automobile.
Defendant Naquin, accompanied by his wife, was driving home at about 11:30 PM one Saturday when the warning light on his dashboard lit up signalling that his engine had overheated. He immediately proceeded to an EXXON Service Station two blocks away where plaintiff, Earl Harrison, was the only attendant on duty.
Harrison was informed by defendant that the car had overheated whereupon he instructed defendant to start the engine. Harrison then with a hose pumped water on the exterior of the radiator for about five minutes.
At this point there is a conflict in the testimony, Harrison’s version being that he barely touched or tapped the radiator when *1347 steam and bailing fluid shot out into his face injuring him. According to defendant, Harrison in one quick continuous motion twisted the cap open while defendant’s wife, who was seated in the car watching Harrison, described a first twist, whereupon steam escaped, followed immediately by a second twist, whereupon steam and hot liquid spewed into plaintiff’s face.
Plaintiff’s suit for damages against Na-quin and his liability insurance carrier was dismissed by the trial judge for the following reasons:
“FINDINGS OF FACT
1.
The cap and radiator were in working order.
2.
The thermostat was the cause of the over-heating of the radiator.
3.
The plaintiff after giving the cap a first turn waited about four or five minutes before giving the cap a second turn.
OPINION
It is the opinion of the Court that the sole cause of the accident was the negligence of the Plaintiff, Earl Harrison.
The Plaintiff simply removed the cap before the radiator ‘cooled off.’ ”
The principal theory of defendants’ liability advanced by plaintiff is negligence on the part of Naquin for failing to warn plaintiff of a dangerous condition existing in the automobile’s cooling system whereby its liquid would spew or spout out of the radiator with unusual force if the cap was released. In support of this theory was plaintiff’s testimony that the spouting out occurred when he just touched the cap and defendant’s testimony that past experience of losing coolant when the cap was removed by service station attendants had prompted him to put a notice on the top of the cap warning against opening it.
On the other hand, it was established by expert witnesses that the cap in question was not defective and it was so constructed that it was to be opened in two phases. After one twist steam would escape but no liquid and a second twist was required to open the cap. These experts agreed that an interval of time, one said VA hours should elapse between these phases. In any event, there is no testimony in the record to show that plaintiff waited at all between phases and to this extent we disagree with the trial judge. There was no four or five minute intervals between phases, but, on the contrary, the second phase occurred immediately after the first and, as such, was the wrong procedure, thereby producing an unfortunate result for plaintiff.
From our review of defendant’s testimony we are unable to agree with plaintiff that defendant had some duty to warn plaintiff about some dangerous propensity in his radiator. First, there is no evidence that this radiator performed any differently than any other radiator would have under the circumstances. Second, defendant, an attorney, said repeatedly that he didn’t know anything about cars and was looking to plaintiff for help. Third, defendant categorically denied that he was aware of any danger to plaintiff and explained the sign on the cap as the result of past experiences when attendants had routinely loosened the radiator cap and caused defendant to lose coolant, but defendant denied ever having the liquid spout or spew out as it did in this case.
We have concluded that plaintiff did not establish negligence on defendant’s part and therefore may not recover on this theory.
Plaintiff would also establish liability on the theory that he was an invitee of defendant and suffered his injury as a result of a defect in defendant’s premises, his car, which was known to defendant. Plaintiff would thus assign a high degree of care to defendant. We see no reason to decide whether this principle is applicable or not because of our determination that there was no defect in the first instance and no showing of any knowledge *1348 on defendant’s part of any defect, with a corresponding duty to warn plaintiff even if he could be considered an invitee of defendant.
We have concluded, as did the trial judge that plaintiff was the victim of his own carelessness. The incident which resulted in his injury was a normal hazard against which any service station attendant must guard. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.